UNITED STATES DISTRICT COURT      O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ROMAN VASQUEZ-CAMPOS § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 5:10-cv-114 |
| § | CRIMINAL ACTION NO. 5:07-cr-1509-1 |
| § | |
| UNITED STATES OF AMERICA | |

## OPINION AND ORDER DISMISSING ROMAN VASQUEZ-CAMPOS' 28 U.S.C. § 2255 PETITION

Pending before the Court is Roman Vasquez-Campos' ("Vasquez") Petition for Habeas Corpus Release, Cites and Authorities, Pursuant to 28 U.S.C. Section 2255.[1] Upon review of the motion, the record and controlling authorities, Vasquez' motion is **DISMISSED with prejudice**. Additionally, Vasquez' Motion to Proceed *In Forma Pauperis* is **DENIED as moot**.[2]

**I.  BACKGROUND**

On November 6, 2007, a federal grand jury in Laredo, Texas, returned a one-count indictment against Vasquez.[3] Specifically, Count One charged,

> [Vasquez] an alien, having previously committed the offense of illegal entry, did knowingly enter the United States at a place other than as designated by immigration officers. In violation of Title 8, United States Code, Section 1325.[4]

On December 12, 2007, Vasquez pleaded guilty to Count One.[5] On March 3, 2008, the Court sentenced Vasquez to twelve months in custody and one year of supervised release.[6] A condition of Vasquez' supervised release was that "[i]f deported, the defendant is not to re-enter the United

---

[1] Dkt. No. 1 ("Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in civil case number 5:10-cv-114. "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:07-cr-1509-1.).
[2] Dkt. No. 2.
[3] Cr. Dkt. No. 6.
[4] Cr. Dkt. No. 6.
[5] Minute Entry 12/12/2007.
[6] Minute Entry 3/3/2008 & Cr. Dkt. No. 21.

States illegally."[7]  The Court entered judgment on March 10, 2008.[8]

On July 13, 2009, Vasquez was arrested for violating his supervised release.[9]  Vasquez was prosecuted and pleaded guilty to illegal reentry in a separate criminal action, 5:09-cr-1590.[10]  On December 8, 2009, the Court held a final hearing regarding the revocation of Vasquez' supervised release in 5:07-cr-1509-1.[11]  At the hearing Vasquez admitted to violating the terms of his supervised release.[12]  On the same date at the same hearing, the Court sentenced Vasquez in connection with Criminal Case No. 5:09-cr-1590.  To be clear, two things happened during the same hearing; the Court sentenced Vasquez to thirty months in Criminal Case No. 5:09-cr-1590 and the Court also sentenced Vasquez to twelve months in Criminal Case No. 5:07-cr-1509-1 for violating the terms of his supervised release.[13]  The two terms were to run consecutively.[14]  The Court entered judgment for the revocation of supervised release on December 11, 2009.[15]

On October 18, 2010, Vasquez filed this § 2255 petition.[16]  Vasquez bases his § 2255 petition on two grounds: (1) An allegedly defective indictment in Criminal Case No. 5:07-cr-1509-1 and (2) an alleged *Apprendi* violation related to the revocation of his supervised release.[17]

## II.   DISCUSSION

### A.   Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if

---

[7] Cr. Dkt. No. 21.
[8] *Id.*
[9] Cr. Dkt. No. 25.
[10] *See* 5:09-cr-1590 Dkt. No. 7 and 5:09-cr-1590, Minute Entry 9/10/2009.
[11] Minute Entry 12/08/2009
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] Cr. Dkt. No. 29.
[16] Dkt. No. 1.
[17] Dkt. No. 1 at pp. 5 & 7.

condoned, result in a complete miscarriage of justice."[18]  Generally, § 2255 claims fall under four categories: (1) challenges to the constitutionality or legality of a sentence; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.[19]  After conducting an initial examination of the petition, the Court must dismiss if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."[20]

### B. Allegedly Defective Indictment

Before the Court reaches the merits of Vasquez' claim relating to the indictment, it must determine whether the petition is timely.  A one-year period of limitation applies to § 2255 petitions.[21]  In 5:07-cr-1509-1, the one-year period to file a § 2255 petition began on March 21, 2008, and ended on March 21, 2009.  Vasquez filed this motion seventeen months after the time to file a § 2255 petition in that case expired.  But for the subsequent revocation, it is clear that the motion would be untimely.  Therefore, more analysis is needed.

Since judgment was entered in the revocation of Vasquez' supervised release on December 11, 2009, this § 2255 motion is timely as it pertains to the revocation of his supervised release.  However, Vasquez is challenging the underlying conviction by bootstrapping it to the revocation judgment.  The issue in this case is clear: If a court revokes a term of supervised release in a case where the underlying conviction is allegedly defective, may the court reevaluate the underlying conviction in a challenge to the revocation even though it could not review the underlying conviction directly?  The answer is "No."

---

[18] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).
[19]  28 U.S.C. § 2255 (2006); *See United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).
[20] 28 U.S.C. § 2255, PROC. R. 4(b).
[21] 28 U.S.C. § 2255(f).

In *United States v. Willis*,[22] the Fifth Circuit clearly stated that "[i]t is by now well-established that a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence."[23] Therefore, Vasquez' challenge to the indictment is time barred.[24]

### C. Alleged *Apprendi* Violation

Vasquez also challenges the term of imprisonment imposed claiming that it was an *Apprendi* violation. A true *Apprendi* violation is a constitutional claim cognizable in a § 2255 motion, but the record clearly demonstrates that there was no *Apprendi* violation in this case. Vasquez' petition demonstrates that he misunderstands why he is serving time. As explained above, the Court sentenced Vasquez in two criminal cases on the same day. The twelve-month portion of his sentence was for violating his supervised release in Criminal Case No. 5:07-cr-1509-1. Contrary to Vasquez' allegation, the record clearly reflects that the thirty-month sentence was not for the revocation of supervised release. The thirty-month sentence was for a separate crime, Criminal Case No. 5:09-cr-1590. The Court attributes Vasquez' confusion to the similarity in case numbers—1509 vs. 1590—and the fact that Vasquez was sentenced in two separate cases at the same hearing. After carefully reviewing the record, the Court is satisfied that Vasquez' entire *Apprendi* claim is explained by his confusion. There was no *Apprendi* violation in this case.

---

[22] 563 F.3d 168 (5th Cir. 2009).
[23] *Id.* at 170.
[24] The Court notes that the authority cited by Vasquez, *United States v. Cabrera-Teran*,[24] deals with a violation of 8 U.S.C. § 1326—not § 1325, which never included arrest as an element of the offense. Even as to 8 U.S.C. § 1326, arrest is no longer an element of the offense. *See United States v. Ramirez-Gamez*, 171 F.3d 236 (5th Cir. 1999) (*overruled on other grounds by* United States v. Cotton, 535 U.S. 625 (2002), *as recognized in* United States v. Longoria, 298 F.3d 367 (2002).

### III.   CONCLUSION

The Court has reviewed the motion, record, and controlling authorities.  For the claim on which the Court reached the merits, it finds that the facts do not support Vasquez' allegation of an *Apprendi* violation.  Furthermore, the claim related to an allegedly defective indictment in a previous criminal case is untimely and cannot be attacked via a § 2255 motion challenging Vasquez' revocation.   Therefore, Vasquez' motion is **DISMISSED with prejudice.**  Accordingly, Vasquez' Motion to Proceed *In Forma Pauperis* is **DENIED as moot.**  Should Vasquez seek a certificate of appealability, the same is **DENIED**.

IT IS SO ORDERED

DONE this 5th day of January, 2011, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE